IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| **TANDY J. KNOX, MEGAN DRAKE, MACIE R. JENKINS, and LESLIE R. DECKER,** on behalf of themselves and all others similarly situated, | Case No.: 2:24-cv-1593 |
| Plaintiff, | Judge: |
| v. |  |
|  | **JURY DEMANDED** |
| **TEE JAYE'S COUNTRY PLACE, INC.** *dba* TEE JAYE'S COUNTRY PLACE, |  |
| Defendant. |  |

**29 U.S.C. § 216(b) AND FRCP 23 CLASS ACTION COMPLAINT**

Plaintiff Tandy J. Knox ("Plaintiff Knox"), Plaintiff Megan Drake ("Plaintiff Drake"), Macie R. Jenkins ("Plaintiff Jenkins"), and Plaintiff Leslie R. Decker ("Plaintiff Decker"), (collectively "Named Plaintiffs"), for their Complaint against Defendant Tee Jaye's Country Place, Inc., *dba* Tee Jaye's Country Place ("Defendant"), bring this action to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standard Act of 1939 ("FLSA"), as amended 29 U.S.C. § 201 et seq. on behalf of all similarly situated employees.

Named Plaintiffs bring the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et. seq., (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts") and O.R.C. § 2307.60 claims as to recover compensation, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, and other equitable relief on behalf of herself and all Ohio employees pursuant to Federal Rule of Civil Procedure ("FRCP") 23.

1

I. **PARTIES AND JURISDICTION**

1. Plaintiff Knox is an adult individual residing in Zanesville, Ohio at 449 Brighton Blvd., Zanesville, Ohio 43701. Plaintiff Knox is employed as a Server at Defendant's Zanesville location and has been since 2017. Her Notice of Consent to Join this Lawsuit is attached in **Exhibit A**.

2. Plaintiff Drake is an adult individual residing in Whitehall, Ohio at 290 Parklawn Circle, Whitehall, Ohio 43213. Plaintiff Drake is employed as a Server at Defendant's Whitehall location and has been since October 4, 2020. Her Notice of Consent to Join this Lawsuit is attached in **Exhibit B**.

3. Plaintiff Jenkins is an adult individual residing in Zanesville, Ohio at 1880 Gilbert Road, Zanesville, Ohio 43701. Plaintiff Jenkins is employed as a Server at Defendant's Zanesville location and has been since January 9, 2015. Her Notice of Consent to Join this Lawsuit is attached in **Exhibit C**.

4. Plaintiff Decker is an adult individual residing in Zanesville, Ohio at 2006 Beechrock Circle, Apt. A, Zanesville, Ohio 43701. Plaintiff Decker is employed as a Server at Defendant's Zanesville location and has been since June 8, 2021. Her Notice of Consent to Join this Lawsuit is attached in **Exhibit D.**

5. Defendant Tee Jaye's Country Place, Inc. *dba* Tee Jaye's Country Place ("Defendant") is a corporation for profit and is registered to do business in the state of Ohio. Process may be served upon its Registered Agent, Taft Service Solutions Corp. at 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202.

6. The Putative Collective Members are all non-exempt employees employed by Tee Jaye's Country Place, Inc. at any from period of three (3) years preceding the filing of *Evans, v. Tee Jaye's Country Place, Inc.*, No. 22-cv-4447, 2022 WL 20662209 (Ohio Com.Pl.) through the

date of judgment who worked at least 38 hours in any one workweek and were not included in the *Evans* class settlement. ("Employees Entitled to Notice")

7. Court has federal question jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 because it asserts claims under the Fair Labor Standards Act ("FLSA").

8. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because the claims share a common nucleus of operative fact and arises out of the same occurrence as the federal claims.

9. Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the unlawful conduct described herein occurred at Defendant's Grove City, Whitehall, and Zanesville, restaurant locations.

## II. FACTUAL ALLEGATIONS

10. At all times material to this Complaint, Defendant was an employer within the meaning of the FLSA, Ohio Wage Act, the OPPA and O.R.C. § 2307.60.

11. During all times material to this Complaint, Defendant employed Named Plaintiffs and the Employees Entitled to Notice within the meaning of the FLSA, Ohio Wage Act, the OPPA and O.R.C. § 2307.60.

12. During all times material to this Complaint, Named Plaintiffs and the Employees Entitled to Notice were Defendant's employees pursuant to the FLSA, Ohio Wage Act, the OPPA and O.R.C. § 2307.60.

13. During all times material to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person,

and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

14. During all times material to this Complaint, Named Plaintiffs and the Employees Entitled to Notice were non-exempt employees as that term is defined by the FLSA and the Ohio Wage Act.

15. Defendant owns and operates approximately eight (8) Tee Jaye's Country Place restaurants in Ohio.[1]

16. Defendant employs servers, such as Named Plaintiffs and the Employees Entitled to Notice, to provide services to its restaurant patrons.

**Defendant's Improper Utilization of a Tip Credit**

17. Defendant pays its Servers, including Named Plaintiffs and the Employees Entitled to Notice, at an hourly rate below minimum wage. By paying Named Plaintiffs and the Employees Entitled to Notice less than the minimum wage per hour, Defendant is taking advantage of a tip credit which allows Defendant to count a portion of the amounts Named Plaintiffs and the Employees Entitled to Notice receive as tips towards Defendant's obligation to pay tipped employees a minimum wage.

18. However, Defendant maintains a policy and practice whereby Named Plaintiffs and the Employees Entitled to Notice are required during their regular shifts to perform non-tip producing "side work" unrelated to their tipped occupation, as well as non-tip producing side work related to their tipped occupation.

19. Specifically, Defendant has created an illegal scheme whereby Named Plaintiffs and the Employees Entitled to Notice are required to spend a substantial amount of time performing non-

---

[1] https://teejayes.com/locations (last viewed 3/7/2024).

tip producing side work, including, but not limited to, general cleaning of the restaurant, preparing food for customers, refilling condiments, rolling silverware, and clearing tables.

**Defendant's Illegal Tip Scheme**

20. Defendant created a companywide scheme that enabled them to replace employees who were required to be paid at least the Ohio minimum wage for all hours worked by giving those duties to Named Plaintiffs and the Employees Entitled to Notice with no regard for how much time they spent performing the tip-supporting tasks.

21. While Named Plaintiffs and Employees Entitled to Notice were performing non-tip producing side work, Defendant continued to pay Named Plaintiffs and the Employees Entitled to Notice less than minimum wage and relied on the tip credit to meet Defendant's obligation to pay Named Plaintiffs and the Employees Entitled to Notice minimum wage.

22. Named Plaintiffs and the Employees Entitled to Notice often perform tip-supporting work in excess of twenty percent (20%) of the hours worked during their respective workweeks or for a continuous period of time that exceeds thirty (30) minutes while still having a tip credit applied to their hourly rates.

23. Defendant's policy and practice of paying Named Plaintiffs and the Employees Entitled to Notice the tipped minimum wage while they were performing non-tip producing work violates the FLSA and Ohio Wage Act. As such, Named Plaintiffs and the Employees Entitled to Notice were not compensated appropriately at the constitutionally mandated minimum wage.

24. Defendant paid most of their workforce improperly using the Tip Credit.

25. Because Defendant willfully carried out their illegal scheme, Defendant should not be permitted to use the Tip Credit for any hours Named Plaintiffs and the Employees Entitled to Notice worked in violation of the law.

26. The unpaid wages to which Named Plaintiffs and the Employees Entitled to Notice are entitled to have remained unpaid for more than thirty days beyond the regularly scheduled payday.

**<u>Defendant's Prior Lawsuit Regarding the Same Illegal Tip Scheme</u>**

27. Defendant knowingly, willfully, or with reckless disregard carried out its illegal scheme, common compensation practices and policies with respect to Named Plaintiffs, the Employees Entitled to Notice, and the Ohio Rule 23 Class.

28. In June 2022, Defendant was sued by its tipped employees in a class action pursuant to Civ. R. 23. *See Evans, v. Tee Jaye's Country Place, Inc.*, No. 22-cv-4447, 2022 WL 20662209 at \*14 (Ohio Com.Pl.). Defendant's employees in *Evans* brought claims to remedy violations of the Ohio Constitution, as Defendant was engaging in the same illegal tip scheme described above.

29. Specifically, the Plaintiffs in *Evans* brought a class action against Defendant for its policy and practice whereby servers are required, during their regular shifts, were to perform non-tip producing "side work" unrelated to the servers' tipped occupation, as well as non-tip producing side work related to the Servers' tipped occupation. *Id.*

30. Named Plaintiffs and the Employees Entitled to Notice were subject to the same illegal tip scheme, however, they did not receive notice to join the prior litigation.

31. Named Plaintiffs and the Employees Entitled to Notice's failure to receive notice was a result of Defendant's failure to provide complete and accurate data. Specifically, Defendant did not take reasonable steps to assure that all eligible class members were given notice of the pending litigation.

32. Defendant provided a list of names of some of the employees originally entitled to notice to a Settlement Administrator. However, Named Plaintiffs and the Employees Entitled to Notice were not on the list and therefore were not given notice of their claims. *See Declaration of*

6

*Settlement Administrator Lisa L. Simmons* attached as **Exhibit E,** *see also*, *Evans Class Action Settlement Agreement with List of Class Members* attached as **Exhibit F**.

33. Defendant's failure to provide complete and accurate data excluded these Named Plaintiffs and the Employees Entitled to Notice from the prior lawsuit and thus thwarted the remedial nature of the FLSA because the prior notice would have instructed them that they could have opt-ed out of the settlement and pursued their own lawsuits.

34. Since Named Plaintiffs and the Employees Entitled to Notice did not receive notice of the proposed settlement and their right to opt out of the settlement, they are not part of the certified class of *Evans* plaintiffs. Indeed, Named Plaintiffs and the Employees Entitled to Notice are not barred by res judicata nor collateral estoppel.

35. Defendant's continued use of an illegal tip credit scheme after being recently sued over the scheme is evidence of Defendant's knowledge, willfulness, and reckless disregard in violating the FLSA and other applicable federal and Ohio constitutional and wage laws.

### III. COURT SUPERVISED NOTICE PURSUANT TO 29 USC §216(b) ALLEGING FLSA VIOLATIONS

36. Named Plaintiffs re-allege, and incorporates by reference, the allegation set forth in the preceding paragraphs.

37. Named Plaintiffs request that the Court issue Court Supervised Notice to the following group of current and former employees defined as:

> **All current and former Servers employed by Tee Jaye's Country Place locations in Ohio from June 29, 2019, through the date of judgment who were (i) subject to the tip credit; and/or paid at a rate below the relevant minimum wage and (ii) were not included in the *Evans, v. Tee Jaye's Country Place, Inc.*, No. 22-cv-4447 class settlement. ("Employees Entitled to Notice")**

38. Named Plaintiffs reserve the right to amend and refine the definition of the Employees Entitled to Notice they seek to have the Court serve notice based upon further investigation and discovery.

39. The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

40. Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to the Named Plaintiffs.

41. Sending Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because they have been subjected to single companywide policies and common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendant satisfied the FLSA's requirements for paying them for all hours worked.

42. Named Plaintiffs and the Employees Entitled to Notice, having willfully been not paid their entitled compensation for work they performed pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

43. The Named Plaintiffs and the Employees Entitled to Notice have been similarly affected by the violations of Defendant in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned FLSA compliant wages.

44. Named Plaintiffs seek to have the Court send supervised notice pursuant to 29 U.S.C. § 216(b), as defined above, to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

45. Named Plaintiffs are similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

46. Named Plaintiffs intend to send notice to all the Employees Entitled to Notice pursuant to Section 216(b) of the FLSA. The names and addresses of the Employees Entitled to Notice are available from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA.

47. Named Plaintiffs and the Employees Entitled to Notice have been damaged by Defendant's willful refusal to pay minimum wage for all hours worked.

48. As a result of Defendant's FLSA violations, Named Plaintiffs and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## IV.    FED. CIV. RULE 23 CLASS ACTION ALLEGATIONS

49. Named Plaintiffs bring their Ohio Constitution, Ohio Wage Act and OPPA claims pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of persons consisting of:

> **All current and former Servers employed at Tee Jaye's Country Place locations in Ohio who were paid a tipped minimum wage at any time since June 29, 2019, through the date of judgment and were not included in the *Evans, v. Tee Jaye's Country Place, Inc.*, No. 22-cv-4447 class settlement. ("Rule 23 Class" or "Rule 23 Class Members")**

50. Named Plaintiffs reserve the right to amend and refine the definition of the Rule 23 Class she seeks to represent based upon further investigation and discovery.

9

51. The number and identity of the Rule 23 Class Members is ascertainable from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the Federal Rule of Civil Procedure 23.

52. The Rule 23 Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

53. Named Plaintiffs' claims are typical of those claims which could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

54. Named Plaintiffs and the Rule 23 Class Members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay employees at the statutorily mandated minimum wage.

55. Named Plaintiffs and the Rule 23 Class Members have all sustained similar types of damages as a result of Defendant's failure to comply with the Ohio Constitution, the Ohio Wage Act and the OPPA.

56. Named Plaintiffs and the Rule 23 Class Members have all been injured in that they have been uncompensated due to Defendant's common policy, practice, and willful conduct. Defendant's corporate wide policies, practices and willful conduct affected the Rule 23 Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class Members.

57. Named Plaintiffs and the Rule 23 Class Members sustained similar losses, injuries, and damages arising from the same unlawful practices, policies, and willful conduct.

58. Named Plaintiffs are able to protect the interests of the Rule 23 Class Members fairly and adequately and have no interests antagonistic to the Rule 23 Class.

59. Named Plaintiffs and the Rule 23 Class Members are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

60. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly within the context of wage and hour litigation on behalf of non-exempt workers where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

61. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

62. Common questions of law and fact exist as to the Named Plaintiffs and the Rule 23 Class that predominate over any questions only affecting Named Plaintiffs and the Rule 23 Class Members individually and include, but are not limited to:

   a. Whether Defendant failed to pay Named Plaintiffs and the Rule 23 Class Members at the statutorily mandated minimum wage.

   b. Whether the wages owed to Named Plaintiffs and the Rule 23 Class Members remain unpaid for more than thirty (30) days.

   c. Whether Defendant's companywide decision to pay Named Plaintiffs and the Rule 23 Class Members at a rate less than minimum wage was willful and without a good faith basis.

   d. The nature and extent of class-wide injury and the measure of damages for those injuries.

   e. Whether Named Plaintiffs and the Rule 23 Class Members were entitled to receive notice of the Evans settlement and the Defendant lack of reasonable efforts and failure to send notice resulted in their exclusion.

63. Named Plaintiffs and the Rule 23 Class Members have been damaged by Defendant's willful refusal to pay Servers the minimum wage and to make that payment within thirty (30) days of the works' performance.

64. Named Plaintiffs and the Rule 23 Class Members have been damaged by Defendant's lack of reasonable efforts and failure to send notice resulted in their exclusion in the *Evans* settlement.

65. As a result of Defendant's Ohio Wage Act and OPPA violations, Named Plaintiff and the Rule 23 Class Members are entitled to damages, including, but not limited to, unpaid wages, treble damages, liquidated damages, costs, and attorneys' fees.

V. **CAUSES OF ACTION**

**COUNT I**
**VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA**

66. Named Plaintiffs re-allege, and incorporates by reference, the allegations set forth in the preceding paragraphs.

67. Named Plaintiffs assert this claim on behalf of herself and the Employees Entitled to Notice who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

68. Named Plaintiffs assert this claim on behalf of herself and the Employees Entitled to Notice who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

69. Named Plaintiffs and the Employees Entitled to Notice are employees entitled to the FLSA's protections.

70. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C. § 206(a).

71. While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

12

72. Employers may only take a tip credit for work performed by a tipped employee that is part of the employee's tipped occupation. *See* 29 C.F.R. § 531.56.

73. Employers may not take a tip credit for work performed by a tipped employee that directly supports tip-producing work when it is done for a substantial amount of time. *See* 29 C.F.R. § 531.56.

74. Here, through the companywide practice of utilizing a tip credit even when Named Plaintiffs and Employees Entitled to Notice performed work that directly supports tip-producing work for a substantial amount of time, Defendant forfeited its right to utilize the tip credit in satisfying its minimum wage obligations.

75. As such, Defendant has violated the FLSA by failing to pay Named Plaintiffs and the Employees Entitled to Notice for all hours worked at $7.25 per hour.

76. Named Plaintiffs and the Employees Entitled to Notice are entitled to recover all unpaid minimum wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

77. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

<b><u>COUNT II</u></b><br><b>VIOLATION OF THE OHIO CONSTITUTION, ARTICLE II, SECTION 34a</b>

78. Named Plaintiffs re-allege and incorporate by reference the foregoing allegations as if fully rewritten herein.

79. Named Plaintiffs assert this claim on behalf of herself and members of the Ohio Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

80. Named Plaintiffs and the Ohio Rule 23 Class are employees within the meaning of O.R.C. §§ 4111.14(B) and Oh. Const. Art. II, § 34a protected by the mandates of the Ohio Constitution.

81. Defendant is an employer within the meaning of O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a required to comply with the mandates of the Ohio Constitution.

82. Article II, Section 34a of the Ohio Constitution and O.R.C. § 4111.02 entitle employees to a minimum hourly wage that increases each year (2024— $10.45 per hour; 2023 — $10.10 per hour; 2022 — $9.30 per hour; 2021 — $8.80 per hour).

83. Article II, Section 34a of the Ohio Constitution permits employers to utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees.

84. In order to utilize the tip credit, an employer must comply with the requirements set forth in Section 3(m) of the FLSA, 29 U.S.C. § 203(m).

85. Employers may not take a tip credit for work performed by a tipped employee that directly supports tip-producing work when it is done for a substantial amount of time. *See* 29 C.F.R. § 531.56.

86. Here, by utilizing a tip credit even when Named Plaintiffs and the Employees Entitled to Notice perform work that directly supports tip-producing work for a substantial amount of time, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations.

87. Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2).

88. Here, by unlawfully keeping and permitting management and supervisors to keep tips earned by Named Plaintiffs and the Ohio Rule 23 Class, Defendant has forfeited its right to utilize the tip credit in satisfying their minimum wage obligations.

89. As such, Defendant has violated O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a by paying Named Plaintiffs and the Ohio Rule 23 Class an hourly wage below the required minimum wage.

90. In violating the Ohio Wage Act, Defendant's acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

91. Named Plaintiffs and the Ohio Rule 23 Class are entitled to unpaid minimum wages and two times those wages as additional statutory damages, interest, and attorneys' fees and expenses, and all other remedies available.

## COUNT III
## VIOLATION OF THE OHIO PROMPT PAY ACT

92. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

93. Named Plaintiffs assert this claim on behalf of themselves and the members of the Ohio Rule 23 Class pursuant to Fed. Civ. Rule 23.

94. The OPPA provides that employers shall pay covered employees all wages, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

95. At all times relevant to this Complaint, Defendant has refused to pay Named Plaintiffs and the Ohio Rule 23 Class all wages at the statutorily mandated minimum wage rate, within thirty (30) days beyond their regular scheduled payday.

96. Defendant's violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendant has otherwise exhibited a reckless disregard of the OPPA's provisions.

97. Named Plaintiffs and the Ohio Rule 23 Class are entitled to an additional six percent (6%) of the unpaid minimum wages as additional liquidated damages, and all other remedies available.

## COUNT V
## CIVIL PENALTIES FOR CRIMINAL ACTS
## O.R.C. § 2307.60

98. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

99. Named Plaintiffs assert this claim on behalf of themselves and the members of the Ohio Rule 23 Class pursuant to Fed. Civ. Rule 23.

100. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

101. By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Named Plaintiffs and the Ohio Rule 23 Class have been injured as a result.

102. O.R.C. § 2307.60 permits anyone injured in one person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

103. As a result of Defendant's willful violations of the FLSA, Named Plaintiffs and the Ohio Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs, on behalf of themselves, the Employees Entitled to Notice, and the Rule 23 Class, pray that this Court enter the following relief:

A. For an Order sending Court Supervised Notice to the Employees Entitled to Notice as defined herein and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members.

B. For an Order certifying the Ohio Acts Rule 23 Class, under Fed. R. Civ. P. 23, as defined herein and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative class action members.

C. In the event the Defendant seeks to have discovery on the issues of whether the Employees Entitled to Notice are similarly situated to the Named Plaintiffs, that the Court issue an order tolling the FLSA statute of limitations for the Employees Entitled to Notice as of the filing of this Complaint through the end of the notice discovery period.

D. Issuing proper notice to the Employees Entitled to Notice at Defendant's expense.

E. Unpaid minimum wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiffs and the Employees Entitled to Notice that join the lawsuit.

F. An Order certifying an Ohio Acts Rule 23 Minimum Wage Class pursuant to Federal Rule of Civil Procedure 23.

G. An order equitably tolling the statute of limitations as if the Named Plaintiffs and Employees Entitled to Notice.

H. Designation of the Named Plaintiffs as representative of the Ohio Acts Rule 23 Class and counsel of record as Class Counsel.

I. A declaratory judgment that the practice complained of herein is unlawful under the Ohio Wage Act and the OPPA.

J. Awarding Named Plaintiffs and the Ohio Acts Rule 23 Class members the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA.

K. A finding that the Defendant acted willfully and without a good faith basis for its violations of the FLSA, the Ohio Wage Act and the OPPA.

L. Compensatory and punitive damages under O.R.C. § 2307.60.

M. Awarding pre-judgment and post-judgment interest.

N. An award of prejudgment and post-judgment interest.

O.  An award of costs and expenses of this action, together with reasonable attorney' fess and expert fees; and,

P.  Any other relief to which the Named Plaintiffs, the Employees Entitled to Notice who join this lawsuit, and the Ohio Acts Rule 23 Class members may be entitled.

Dated: April 5, 2024                              Respectfully submitted,

**BARKAN MEIZLISH DEROSE COX, LLP**

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

*Attorney for Plaintiffs*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robert E. DeRose*
Robert E. DeRose
*Attorney for Plaintiffs*